Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:      (916) 447-8336
E-Mail:          mark@markmerin.com
                    paul@markmerin.com

Attorneys for Plaintiff
MANUEL BENCOMO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MANUEL BENCOMO,<br><br>                     Plaintiff,<br><br>vs.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10,<br><br>                     Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## **INTRODUCTION**

This action arises from the use of excessive force against MANUEL BENCOMO caused by a police canine utilized by sheriff's deputies employed by the COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

## **JURISDICTION & VENUE**

1.      This Court has original jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

2.      Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and

1

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Bencomo v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

1 | because many of the acts and/or omissions described herein occurred in the Eastern District of California.

2 |        3.       Intradistrict venue is proper in the Sacramento Division of the Eastern District of

3 | California pursuant to Eastern District of California Local Rule 120(d) because the claims asserted herein

4 | arise from acts and/or omissions which occurred in the County of Sacramento, California.

5 | **EXHAUSTION**

6 |        4.       On January 11, 2023, MANUEL BENCOMO submitted a government claim to the

7 | COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT relating

8 | to the claims alleged in this case, pursuant to California Government Code section 910 *et seq*. (Claim No.

9 | L2300201.)

10 |        5.       By February 27, 2023, the COUNTY OF SACRAMENTO and SACRAMENTO

11 | COUNTY SHERIFF'S DEPARTMENT failed or refused to act within 45 days after the government

12 | claim was presented, pursuant to California Government Code section 912.4.

13 | **PARTIES**

14 |        6.       Plaintiff MANUEL BENCOMO is a resident of the State of California, County of

15 | Sacramento.

16 |        7.       Defendant COUNTY OF SACRAMENTO is located in the State of California. Defendant

17 | COUNTY OF SACRAMENTO is a "public entity," pursuant to California Government Code section

18 | 811.2.

19 |        8.       Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is located in the

20 | State of California, County of Sacramento. Defendant SACRAMENTO COUNTY SHERIFF'S

21 | DEPARTMENT is a "public entity," pursuant to California Government Code section 811.2.

22 |        9.       Defendant SCOTT JONES was a law enforcement officer and the Sheriff for Defendants

23 | COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting

24 | within the scope of employment and under color of state law. Defendant SCOTT JONES is sued in an

25 | individual capacity.

26 |       10.      Defendants DOE 1 to 10 are and/or were agents or employees of Defendants COUNTY

27 | OF SACRAMENTO or SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting within the

28 | scope of agency or employment and under color of state law. Defendants DOE 1 to 10 are sued by

2

fictitious names and their true and correct identities will be substituted when ascertained.

## GENERAL ALLEGATIONS

11.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

12.     On January 6, 2023, in the evening, Plaintiff MANUEL BENCOMO was present at his residence with Louis Bac, his roommate.

13.     Plaintiff MANUEL BENCOMO had a verbal altercation with Louis Bac.

14.     Louis Bac left the residence and went to a neighbor's residence.

15.     The neighbor called police and reported that Louis Bac wanted Plaintiff MANUEL BENCOMO removed from the residence.

16.     The neighbor did not report of Plaintiff MANUEL BENCOMO being armed, dangerous, or in possession of any other weapons.

17.     On January 8, 2023, in the morning, Defendants DOE 1 to 10, sheriff's deputies employed by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, arrived at Plaintiff MANUEL BENCOMO's residence.

18.     Plaintiff MANUEL BENCOMO was asleep in the residence, inside of his bedroom with the door closed, when Defendants DOE 1 to 10 arrived.

19.     Plaintiff MANUEL BENCOMO was wearing headphones through which "white noise" was being broadcast.

20.     Defendants DOE 1 to 10 gained access to Plaintiff MANUEL BENCOMO's residence and opened Plaintiff MANUEL BENCOMO's bedroom door.

21.     Defendants DOE 1 to 10 sicced a police canine on Plaintiff MANUEL BENCOMO.

22.     Defendants DOE 1 to 10's police canine was off-leash and attacked Plaintiff MANUEL BENCOMO.

23.     Defendants DOE 1 to 10's police canine badly mauled Plaintiff MANUEL BENCOMO's right upper-arm.

24.     Defendants DOE 1 to 10's police canine pulled Plaintiff MANUEL BENCOMO out of bed while biting his arm.

3

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Bencomo v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

25. Plaintiff MANUEL BENCOMO was bleeding profusely from the serious bite wounds to his upper-arm.

26. Defendants DOE 1 to 10 handcuffed Plaintiff MANUEL BENCOMO, including his injured arm.

27. Defendants DOE 1 to 10 transported Plaintiff MANUEL BENCOMO to the U.C. Davis Medical Center for treatment.

28. Plaintiff MANUEL BENCOMO required several stiches to close the bite wounds on his arm.

29. The following is a photograph of Plaintiff MANUEL BENCOMO's arm, after receiving stitches:



**COMPLAINT; DEMAND FOR JURY TRIAL**
*Bencomo v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

30.     Defendants DOE 1 to 10 failed to utilize appropriate use-of-force techniques and canine deployment, including those required by California Peace Officer Standards and Training ("POST") learning domains and Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's policies, procedures, and general orders. For example, Defendants DOE 1 to 10's actions were inconsistent with POST Learning Domain 20 ("Use of Force/Deescalation"); POST Learning Domain 33 ("Arrest Methods/Defensive Tactics"); Sacramento County Sheriff's Department General Order 2-11 ("Use of Force"); and Sacramento County Sheriff's Department Operations Order 8-04 ("Canine Enforcement Detail Deployment Guidelines").

31.     Defendants DOE 1 to 10 transported Plaintiff MANUEL BENCOMO to the Sacramento County Main Jail for booking.

32.     Plaintiff MANUEL BENCOMO spent several hours in jail before being released.

33.     Plaintiff MANUEL BENCOMO returned to the hospital for additional treatment to his injured arm.

34.     On January 10, 2023, Plaintiff MANUEL BENCOMO learned that the Sacramento County District Attorney's Office declined to prosecute him.

35.     Plaintiff MANUEL BENCOMO is a licensed barber and has lost and will continue to lose income because he is unable to use his right arm.

36.     Plaintiff MANUEL BENCOMO's arm is permanently disfigured.

37.     Plaintiff MANUEL BENCOMO does not know if he will regain full use of his right arm which was mauled down to the bone.

38.     Plaintiff MANUEL BENCOMO is experiencing nightmares and has significant mental and emotional distress resulting from the incident and his injuries.

## POLICY AND CUSTOM ALLEGATIONS

39.     Defendant SCOTT JONES, acting as Sheriff, was a final policy-making authority for Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, including as it relates to the training, supervision, and discipline of personnel under his command. Sacramento County Sheriff's Department, General Order: "Sheriff's Executive Staff," available at: <https://www.sacsheriff.com/pages/transparency.php>. Defendant SCOTT JONES served as

5

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Bencomo v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

Sheriff from December 2010 to December 2022.

40.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of an informal policy or custom of inaction and inadequate training, supervision, and discipline concerning canine deployment, including against non-threatening and/or non-resisting subjects where more appropriate alternatives were available. For example:

(a)     On January 19, 2023, Alexio Perez was subject to excessive force when Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's deputies deployed a canine. Perez was driving a motorcycle when a sheriff's vehicle signaled Perez to pull-over. Perez dismounted the motorcycle, attempted to hide, and got onto his knees with his hands in the air and surrendered when he saw the deputies had spotted him and released their canine. Deputies deployed a canine against Perez, without cause. The canine bit Perez's left arm and hand, including severing his left ring finger from his hand. Perez pleaded with the deputies to call-off the canine but the deputies refused. Perez was hospitalized and is permanently disfigured, as a result of the canine attack.

(b)     On September 17, 2022, Salvador Garcia Jr. was subject to excessive force when Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES's deputies deployed a canine. Garcia was riding his bicycle when he was accosted by a deputy who ordered him to "stop." Garcia turned his bike on the wet grass and slipped to the ground. The deputy deployed a canine which mauled Garcia's right forearm. Garcia was screaming in pain, as deputy handcuffed Garcia's left arm while canine continued mauling his right arm. The deputy tried to handcuff Garcia's right arm but could not get the dog to stop chewing on the arm. Eventually, the deputy pried the canine off of Garcia's arm, as blood was spurting from the arm from where he sustained a severed artery. Garcia was left lying on the ground, until a later-arriving deputy instructed the canine-deploying deputy to "tie him off or he's going to bleed to death." Garcia was hospitalized for several days and underwent reconstructive surgery as a result of the injuries sustained. (Sacramento County Sheriff's Department Case No. 22-277193.)

(c)     On April 2, 2021, an arrestee was subject to excessive force when Defendants

6

1    COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT

2    JONES's deputies deployed a canine. The arrestee briefly fled from deputies on a motorcycle because he

3    feared deputies were attempting to run-over him with their patrol vehicles. The arrestee lost control of the

4    motorcycle, which was crashed down an embankment. The arrestee was apprehended when sergeant

5    David Lee deployed taser against the subject, causing him to fall to the ground. Deputy Paul Warren also

6    deployed canine Aldo against the arrestee. Aldo mauled the arrestee's left forearm. Aldo was "visibly

7    affected by the current of the Taser" which was deployed against the arrestee at the same time he was

8    being mauled by the canine, and the canine's "body tensed and he began to whine." The arrestee

9    sustained lacerations from Aldo's bites, including a "tooth puncture/tear mark on the interior of his left

10   wrist" and "approximately 3 tooth punctures/drag marks to the anterior portion of his left wrist."

11   (Sacramento County Sheriff's Department Case No. 2021-96740.)

12          (d)    On February 18, 2021, an arrestee was subject to excessive force when Defendants

13   COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT

14   JONES's deputies deployed a canine. The arrestee was suspected of vehicle theft and fled on foot.

15   Deputy Jeb Trummel deployed canine Dax against the fleeing subject. Dax bit the subject on the right

16   arm below the elbow, causing the arrestee to fall to the ground. Dax bit the arrestee's left arm, after he

17   fell to the ground. The arrestee pleaded to Trummel, "get the dog off!" Trummel refused to release the

18   canine from the arrestee. Trummel utilized an "arm bar control hold" against the arrestee, as Dax

19   continued biting the arrestee's left arm. Trummel allowed Dax to continue biting the arrestee, until

20   additional deputies arrived on-scene, when Dax was "removed" from the arrestee. Trummel then then

21   kicked the arrestee with his boot striking the arrestee in the "shoulder area" and "left eyebrow area." The

22   arrestee sustained injuries, including a "laceration on his left arm below the elbow on the backside of the

23   arm" which "was approximately 1" in length" and "several teeth punctures around the laceration" and

24   "approximately one tooth puncture on [the] right arm below the elbow." (Sacramento County Sheriff's

25   Department Case No. 2021-50607.)

26          (e)    On January 31, 2021, an arrestee was subject to excessive force when Defendants

27   COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT

28   JONES's deputies deployed a canine. The arrestee was suspected of burglary and, when contacted by

deputies, fled into his wife's residence. Deputy Sonny Vasquez gained access to the residence and deployed canine Rooney into the residence. Rooney was "showing interest" in a bedroom closet with attic access. Rooney was deployed into a "makeshift hold leading into the attic," without warning to the arrestee. Rooney found and bit the arrestee in the attic. Vasquez "decided to leave [] Rooney" biting the arrestee and ordered the arrestee to "crawl towards" Vasquez, while being bitten by Rooney. The arrestee and Rooney were "falling through the ceiling," as the arrestee attempted to crawl towards Vasquez while being bitten by Rooney. The arrestee was detained after he fell through the ceiling. Rooney's "face and eyes and inside of his mouth were completely covered in insulation," the dog was "unable to see," and was "hacking and coughing due to the insulation in his mouth." The arrestee sustained "multiple abrasions," including "on the outside of his left upper tricep/shoulder area," and "also had a[n] approximately 2" to 3" laceration in his left armpit area." (Sacramento County Sheriff's Department Case No. 2021-29991.)

(f)     On November 10, 2020, an arrestee was subject to excessive force when Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES's deputies deployed a canine. The arrestee fled on foot from the scene of a vehicle accident, wearing no shirt and a pair of pants. The arrestee was located in the backyard of a residence, hiding under a picnic table. Deputy Adam Gibson released canine Cash into the backyard. The arrestee was mauled on the left thigh by Cash. Gibson permitted Cash to continue mauling the arrestee until handcuffs were applied. The arrestee "sustained several puncture marks, lacerations, and drag marks to his left thigh and his right and left hand…" (Sacramento County Sheriff's Department Case No. 20-356898.)

(g)     On October 30, 2020, an arrestee was subject to excessive force when Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES's deputies deployed a canine. The arrestee fled on foot into a field from a vehicle which had been pursued by officers. The arrestee was located "lying face down in the field" in a "prone position" about 20 years away. Deputy Adam Gibson deployed canine Cash into the area. The arrestee was bitten on head by Cash. Gibson ordered Cash to release the arrestee's head. Gibson then re-deployed Cash against the arrestee. Cash mauled the arrestee's left hand. The arrestee was handcuffed. The arrestee "sustained a

1   large laceration to his head and puncture and drag marks to his right arm and left hand/wrist."

2   (Sacramento County Sheriff's Department Case No. 20-344195.)

3         (h)     On July 12, 2020, an arrestee was subject to excessive force when Defendants

4   COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT

5   JONES's deputies deployed a canine. The arrestee was present inside of a locked bathroom, on school

6   grounds, where an alarm had been activated. (Sacramento County Sheriff's Department Case No. 20-

7   223981.) Deputy Edwin Yip kicked open the locked backroom door. The arrestee was sitting on a toilet

8   wearing only boxer shorts, and had been sleeping before the door was kicked open. Deputy James

9   Galovich deployed canine Cash against the arrestee. Cash bit the arrestee's left forearm and dragged the

10   arrestee off the toilet and out of the bathroom. The arrestee complied with orders to lie down on the

11   ground and was handcuffed, before Cash was released from biting the arrestee. The arrestee sustained

12   "numerous punctures marks" on the left forearm, including on the "top and bottom side" of the forearms,

13   which were "still bleeding" after the arrest. X-rays revealed that the arrestee sustained "small fractures"

14   to his wrist, for which surgery was recommended. (Sacramento County Sheriff's Department Case No.

15   20-223981.)

16         (i)     On April 15, 2020, an arrestee was subject to excessive force when Defendants

17   COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT

18   JONES's deputies deployed a canine. The arrestee fled from a vehicle reported to have been stolen, when

19   pursued by sheriff's deputies. The arrestee then boarded and crashed a gold cart into the side of a

20   building. Deputy Jeb Trummel deployed canine Dax against the arrestee. Dax bit the arrestee's upper left

21   arm and pulled him off the golf cart. Trummel grabbed the arrestee and slammed him face-first into the

22   concrete-paved ground. Trummel permitted Dax to continue mauling the arrestee, as he was lying on the

23   ground. Trummel punched the arrestee in the face three times, as the arrestee was being mauled by Dax.

24   Trummel removed Dax from mauling the arrestee only after additional deputies arrived on-scene. The

25   arrestee sustained "approximately four punctures on the outside of his left bicep," with "approximately

26   five lacerations around the punctures" and "approximately three lacerations on the inside of his left

27   bicep." (Sacramento County Sheriff's Department Case No. 20-123726.)

28         (j)     On March 9, 2009, Anthony Jones was subject to excessive force when

Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES's deputies deployed a canine. Jones attempted to flee from deputies on foot when he was shot with "pellets," tackled to the ground, beaten, and handcuffed. Deputy D. Amos deployed canine Jesse against Jones, and Jesse was permitted to maul Jones for approximately 45-to-50 seconds. Jones sustained disfigurement to his left calf. Jones filed a civil rights lawsuit. (*Jones v. McAtee*, United States District Court, Eastern District of California, Case No. 2:10-cv-00033-MCE-CMK.) The case was settled.

41.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of a culture permitting or encouraging personnel's use of unreasonable and excessive force, including:

(a)     application of excessive and unreasonable uses-of-force against non-threatening persons;

(b)     providing inadequate training with respect to the use-of-force;

(c)     employing and retaining and inadequately supervising, training, controlling, assigning, and disciplining personnel with dangerous propensities for abusing authority;

(d)     maintaining inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by personnel;

(e)     failing adequately to investigate use-of-force incidents, including refusing to consider relevant witness and evidence;

(f)     failing timely to investigate use-of-force incidents or unreasonable delaying and prolonging investigations, such that determination of culpability, if any, is returned well-after the period of time during which effective corrective action or meaningful discipline can be taken;

(g)     failing adequately to discipline personnel, including imposing discipline that is disproportional to the magnitude of the misconduct and fails to discourage future misconduct or is tantamount to encouraging misconduct—*e.g.*, "slaps on the wrist";

(h)     announcing that unjustified use-of-force is "within policy," including incidents that were later determined in court or implied through settlement to be non-compliant with policy or

10

unlawful;

(i)     refusing to discipline, terminate, or retrain personnel, where uses-of-force are determined in court or implied through settlement to be non-compliant with policy or unlawful;

(j)     actively employing records destruction policies and procedures which result in the destruction and purging of disciplinary records, emboldening personnel engaging in misconduct and ensuring that historic and ongoing misconduct cannot be tracked or accounted for;

(k)     Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," "blue line," or "code of silence," pursuant to which personnel do not report errors, misconduct, or crimes and, if questioned about an incident of misconduct involving another officer, claim ignorance of misconduct; and

(l)     Maintaining a policy of inaction and an attitude of indifference towards ongoing law enforcement use of force incidents, including by failing to discipline, retrain, investigate, terminate, and recommend personnel for criminal prosecution who participate in unlawful uses-of-force.

(m)     Continuing to utilize vicious, untrained, or improperly trained canines who do not respond to commands to cease attacking and biting suspects resulting in wanton injuries to suspects who have submitted to arrest.

42.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of an informal policy or custom whereby personnel are permitted to engage in excessive and unreasonable use-of-force, without meaningful consequence, discipline, or corrective action, in addition to the circumstances in this case, including:

(a)     On May 8, 2017, Mikel McIntyre, an unarmed and mentally-ill Black man, was shot and killed by Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's personnel, including deputies Jeffrey Wright, Ken Becker, and Gabriel Rodriguez. A civil rights lawsuit was filed. (*N.M. v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:18-cv-01830-WBS-KJN.) The case was settled pre-trial for $1,725,000. The Sacramento County Inspector General's Office issued an officer-involved shooting review of the incident. <https://inspectorgeneral.saccounty.net/Documents/McIntyre_OIS_Report.pdf>. Therein, the inspector

general found that the deputies fired an "excessive, unnecessary" number of rounds during the shooting. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES retaliated against the inspector general by locking him out of agency offices and jail facilities, in response to the critical report.

(b)    On October 21, 2017, Mayco Rodrique was arrested and booked into the Sacramento County Main Jail by Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's personnel, including Jarrod Hopeck and Jeffrey Wilson. Deputy Hopeck intentionally twisted and broke Rodrique's arm, during the jail intake process. Rodrique was confined to a "sobering" cell and denied him access to medical staff for 20 minutes, while deputy Hopeck taunted him through a window on the door. The incidents were captured on the jail's cameras. A citizen complaint was filed. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT "exonerated" deputy Hopeck. (Report No. 17-303197, available at: <https://www.sacsheriff.com/pages/sb1421_releases.php>.) A civil rights lawsuit was filed. (*Rodrique v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:17-cv-02698-WBS-EFB.) The case was settled pre-trial for $97,500. Rodrique obtained numerous citizen complaints and dispositions from Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT during discovery in the case. <https://www.sacbee.com/opinion/article238722483.html>. The citizen complaint files revealed Defendant SCOTT JONES was "concealing the violent abuse of inmates by deputies in his jail and allowing the guilty deputies to remain in uniform." For example, Defendant SCOTT JONES overruled a recommendation to discipline a subordinate who was captured on camera using excessive use-of-force; and "exonerated" numerous meritorious citizen complaints against personnel. <https://www.sacbee.com/news/investigations/article238544198.html>.

(c)    Paul "Scotte" Pfeifer was a sheriff's deputy employed by Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES. Pfeifer employed excessive force against persons he encountered on multiple occasions by striking them with a department-issued flashlight. Pfeifer's assaults were documented and captured on recordings on multiple occasions. Pfeifer's assaults resulted in multiple lawsuits, each of which Defendant COUNTY OF SACRAMENTO settled for substantial amounts of money paid to the injured plaintiffs. *Treshchuk v.*

12

*McGinness*, U.S. District Court, Eastern District of California, Case No. 2:09-cv-00691-MCE-EFB (Pfeifer struck the plaintiff in her legs multiple times with a flashlight, case settled for $20,000); *Reyes v. County of Sacramento*, Superior Court of California, County of Sacramento, Case No. 34-2015-00184139-CU-CR-GDS & U.S. District Court, Eastern District of California, Case No. 2:15-cv-02213-JAM-DB (Pfeifer recorded assaulting the plaintiff in the middle of street, including striking him multiple times with a flashlight, case settled for $200,000); *Donohue v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:15-cv-01488-CKD (Pfeifer recorded assaulting the plaintiff while he was sitting in the driver's seat of a vehicle, case settled for $150,000); <https://www.sacbee.com/news/investigations/the-public-eye/article107619287.html>. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES failed adequately to supervise, re-train, or discipline Pfeifer following each of the incidents of misconduct and he was retained as an employee.

(d)　　Several jury verdicts have been entered against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and/or their personnel, where excessive and unreasonable force was proven at trial. For example: *Estate of Rose v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:13-cv-01339-TLN-EFB (jury verdict against two sheriff's deputies who used excessive force when they shot and killed a mentally-ill man inside of his home); *Reese v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:13-cv-00559-WBS-DB (jury verdict against sheriff's deputy who used excessive force when he shot a man inside of his home upon opening a door in response to the deputy's command); *Jones v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:09-cv-1025-DAD (jury verdict for excessive force against five sheriff's deputies); *Antoine v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:06-cv-01349-WBS-GGH (jury verdict for excessive force against five sheriff's deputies); *Hunter v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:06-cv-00457-GEB-AC (jury verdict for policy or custom of subjecting inmates to excessive force against the County of Sacramento); *Tubbs v. Sacramento County Jail*, U.S. District Court, Eastern District of California, Case No. 2:06-cv-00280-LKK-GGH (jury verdict for excessive force and integral participation against four sheriff's deputies);

1   *Johnson v. Sacramento County*, U.S. District Court, Eastern District of California, Case No. 2:06-cv-

2   00169-RRB-GGH (jury verdict for excessive force against multiple sheriff's deputies).

3           (e)     Numerous settlements have been paid by Defendant COUNTY OF

4   SACRAMENTO, resulting from misconduct by Defendants COUNTY OF SACRAMENTO,

5   SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and/or their personnel,

6   including to settle litigation where excessive and unreasonable force was alleged and may have been

7   proven, if tried. For example: *Flemmings v. County of Sacramento*, U.S. District Court, Eastern

8   of California, Case No. 2:20-cv-00500-WBS-AC (settlement of action alleging that sheriff's deputies

9   unlawfully pulled-over the plaintiff's vehicle, pulled him from the vehicle, and slammed and pinned him

10  face-first onto the roadway); *Soto v. County of Sacramento*, E.D. Cal. Case No. 2:19-cv-00910-TLN-DB

11  (settlement of action alleging a sheriff's deputy ignored an injured inmate's requests for medical

12  assistance, hog-tied his arms and legs, and left him to die on the floor of a holding cell); *Mitchell v.

13  County of Sacramento*, E.D. Cal. Case No. 2:18-cv-03252-WBS-EFB (settlement of action alleging a

14  sheriff's deputy slammed the plaintiff's head against a wall causing a concussion, breaking a tooth, and

15  splitting her lip); *Dunn v. County of Sacramento*, U.S. District Court, Eastern District of California, Case

16  No. 2:18-cv-02425-JAM-CKD (settlement of action alleging that two sheriff's deputies unlawfully

17  pulled-over the plaintiff's vehicle, pulled her from the vehicle, struck her in the face several times with

18  fists and a flashlight, and broken her arm); *Arispe v. County of Sacramento*, U.S. District Court, Eastern

19  District of California, Case No. 2:18-cv-02017-JAM-AC (settlement of action alleging that a sheriff's

20  deputy "immediately opened fire" when responding to a mental health emergency call, killing the

21  mentally-ill subject); *Reynolds v. County of Sacramento*, U.S. District Court, Eastern District of

22  California, Case No. 2:18-cv-01150-TLN-KJN (settlement of action alleging that several sheriff's

23  deputies falsely arrested and "paraded" the handcuffed plaintiffs before releasing them without charges);

24  *Rivera v. Cater*, U.S. District Court, Eastern District of California, Case No. 2:18-cv-00056-WBS-EFB

25  (settlement of action where two sheriff's deputies shot numerous times and killed a non-threatening,

26  mentally-ill man suspected of burglary); *Abbott v. County of Sacramento*, U.S. District Court, Eastern

27  District of California, Case No. 2:17-cv-02698-WBS-EFB (settlement of action alleging that a sheriff's

28  deputy broke the plaintiff's foot and sprained his wrist during jail booking); *Augustine v. County of*

1    *Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:17-cv-02605-WBS-AC

2    (settlement of action alleging that sheriff's deputies shot and killed a non-threatening 17-year-old boy

3    suffering from an episode of mental-illness); *Ennis v. County of Sacramento*, U.S. District Court, Eastern

4    District of California, Case No. 2:17-cv-02052-KJM-EFB (settlement of action alleging that a sheriff's

5    deputy broke the plaintiff's left wrist, after the plaintiff had specifically warned the sheriff's deputy that

6    her wrist had been previously injured); *Williams v. County of Sacramento*, U.S. District Court, Eastern

7    District of California, Case No. 2:17-cv-01726-JAM-EFB (settlement of action alleging that two sheriff's

8    deputies falsely arrested and employed excessive force against the plaintiffs); *Cain v. City of

9    Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:17-cv-00848-JAM-DB

10   (settlement of action alleging that a sheriff's deputies held the injured plaintiff face-down on the ground

11   while forcibly stripping and verbally abusing him); *McCormack v. County of Sacramento*, U.S. District

12   Court, Eastern District of California, Case No. 2:16-cv-01303-WBS-AC (settlement of action alleging

13   that a sheriff's deputy slammed the plaintiff's head into a wall); *DeVard v. County of Sacramento*, U.S.

14   District Court, Eastern District of California, Case No. 2:16-cv-00159-JAM-CKD (settlement of action

15   alleging that a sheriff's deputy was captured on a surveillance camera punching the plaintiff in his face

16   and slammed him into a patrol vehicle); *Shannon v. County of Sacramento*, E.D. Cal. Case No. 2:15-cv-

17   00967-KJM-DB (settlement of action alleging excessive use of force by two sheriff's deputies who shot

18   and killed a man carrying airsoft replica weapons); *Aviña-Luna v. County of Sacramento*, U.S.

19   Court, Eastern District of California, Case No. 2:14-cv-01295-TLN-DAD (settlement of action alleging

20   that a sheriff's deputy broke the plaintiff's right arm while applying arm-hold); *Salinas v. County of

21   Sacramento*, Superior Court of California, County of Sacramento, Case No. 34-2013-00152323

22   (settlement of action alleging that a sheriff's deputy broke the plaintiff's right arm while applying arm-

23   hold); *Lundell v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No.

24   2:12-cv-02832-MCE-AC (settlement of action alleging that a sheriff's deputy broke the plaintiff's right

25   arm while applying handcuffs); *Harmon v. County of Sacramento*, U.S. District Court, Eastern District of

26   California, Case No. 2:12-cv-02758-TLN-AC (settlement of action alleging that sheriff's deputies shot a

27   non-threatening man with a taser then fired 18 gunshots causing his death); *Gonsalves v. County of

28   Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:11-cv-02506-WBS-DAD

1  (settlement of action alleging that a sheriff's detective went to the plaintiff's home and "sucker-punched"

2  him, "without any provocation or warning"); *Abdallah v. County of Sacramento*, U.S. District Court,

3  Eastern District of California, Case No. 2:11-cv-00625-MCE-KJN (settlement of action alleging that five

4  sheriff's deputies beat the plaintiff into unconsciousness, causing a lacerated liver, multiple cracked ribs,

5  a broken nose, and facial lacerations); *Duran v. County of Sacramento*, U.S. District Court, Eastern

6  District of California, Case No. 2:10-cv-03301-GEB-GGH (settlement of action alleging that a sheriff's

7  deputy broke the plaintiff's left arm while applying arm-hold); *Jaquez v. County of Sacramento*, U.S.

8  District Court, Eastern District of California, Case No. 2:10-cv-01040-MCE-DAD (settlement of action

9  alleging that sheriff's deputies beat the plaintiff, causing a fractured right elbow and leaving a boot-

10 imprint on his face).

11  43.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

12 DEPARTMENT maintain, and Defendant SCOTT JONES maintained, an official written policy, also

13 known as a "General Order," concerning "Destruction of Records" and "Complaints and Disciplinary

14 Policies and Procedures." The record-destruction policy expressly provides: "Records of complaints,

15 investigations and dispositions shall be retained by Internal Affairs for a period of at least five and one

16 half years." Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

17 DEPARTMENT actively employ, and Defendant SCOTT JONES actively employed, the record-

18 destruction policies to destroy personnel files and Internal Affairs records, as soon as permitted by policy

19 and without creation of back-ups or "purge logs." Defendants COUNTY OF SACRAMENTO,

20 SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES's policy resulted in the

21 obfuscation Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

22 DEPARTMENT, and SCOTT JONES's policy protected and emboldened personnel that engaged in

23 misconduct by ensuring that historic and ongoing misconduct cannot be tracked or accounted for and that

24 destroyed misconduct histories will adversely affect personnel's employment or potential liability. For

25 example:

26      (a)    In *Sanchez v. County of Sacramento*, United States District Court, Eastern District

27 of California, Case No. 2:19-cv-01545-MCE-AC, Defendants COUNTY OF SACRAMENTO and

28 SACRAMENTO COUNTY SHERIFF'S DEPARTMENT destroyed or "purged" several of deputy

1  Daren Allbee's personnel and misconduct records, pursuant to the records-destruction policy, including

2  records of complaints and investigations involving on-duty sexual misconduct. Defendants COUNTY OF

3  SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's destruction of

4  Allbee's misconduct records obscured and precluded discovery of the full extent of his misconduct.

5          (b)      In *Rodrique v. County of Sacramento*, United States District Court, Eastern

6  District of California, Case No. 2:17-cv-02698-WBS-EFB, Mayco Rodrique, a jail inmate subject to

7  excessive force, alleged the existence of a policy or custom of excessive force by Defendant

8  SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's personnel occurring at jail facilities.

9  Defendant COUNTY OF SACRAMENTO produced all relevant and available Internal Affairs records in

10  discovery but could not produce or identify records which it had destroyed consistent with its records-

11  destruction policies. Defendant COUNTY OF SACRAMENTO admitted: "[Sacramento County

12  Sheriff's] Department does not maintain documents identifying internal affairs investigations or citizen

13  complaints that are automatically purged pursuant to department policies (*e.g.* purge logs)." Defendants

14  COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's

15  destruction of Internal Affairs records obscured and precluded discovery of the full extent of jail

16  personnel's misconduct.

17          44.      Defendant SCOTT JONES has demonstrated a policy or custom of inadequately training,

18  supervising, and disciplining his personnel.

19  <https://d3n8a8pro7vhmx.cloudfront.net/inciteinsight/pages/9/attachments/original/1477460704/Scott_Jo

20  nes_Research_Report.pdf?1477460704> (Defendant SCOTT JONES's "Research Book" detailing

21  history of misconduct); <https://sacramento.newsreview.com/2020/09/22/the-dungeon-master/>

22  (Defendant SCOTT JONES "logged the most jail deaths the same year he stopped telling the media

23  about them"); <https://www.thedailybeast.com/scott-jones-mini-trump-sheriff-and-accused-sexual-

24  harasser-behind-netflix-series-jailbirds> (Defendant SCOTT JONES's alleged involvement with sexual-

25  harassment accusations, a Southern Poverty Law Center-monitored "hate group," and several lawsuits by

26  human rights groups); <https://www.sacbee.com/opinion/article238722483.html> (Defendant SCOTT

27  JONES's lack of transparency related to complaints against his department and officers and failure to

28  reprimand personnel for violations of policy and law); *Faison v. Jones*, U.S. District Court, Eastern

17

District of California, Case No. 2:19-cv-00182-TLN-KJN (Defendant SCOTT JONES subject to prohibitory injunction for violating First Amendment rights of leaders of the Black Lives Matter Sacramento organization).

45.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES violated Senate Bill 1421, a state law requiring disclosure of documents about misconduct or significant force by personnel. *See* Cal. Pen. Code § 832.7. Media organizations were forced to sue Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES, in order to compel compliance with state law. <https://ktla.com/news/local-news/sacramento-l-a-times-sue-sacramento-county-sheriffs-department-over-release-of-deputy-misconduct-records/>. As a result, Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT was ordered to "pay more than $100,000 in legal fees to The Sacramento Bee and the Los Angeles Times in its court fight to hold onto deputies' discipline records…" <https://amp.sacbee.com/article235968547.html>.

46.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES unreasonably delay investigation and administrative findings in officer-involved incidents of personnel, including in some cases for several years. For example, Defendants SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's backlog of investigations is greater than one and one-half years. An incident of alleged misconduct occurring on April 27, 2016, remains pending and "In Progress." <https://www.sacsheriff.com/pages/sb1421_releases.php>. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES's failure timely to investigate and render findings in officer-involved incidents constitutes a violation of Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's own policies and procedures, renders any determination of officer culpability ineffective due to the period of time between when the incident occurred and when discipline or corrective action can be taken, and perpetuates a culture of impunity and unaccountability.

47.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES were or should have been on notice regarding the need to discontinue, modify, or implement new and different versions of the deficient policies or customs

because the inadequacies were so obvious and likely to result in violations of rights of persons coming into contact with their subordinates.

48.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES were aware of numerous incidents of their personnel's excessive and unreasonable uses-of-force, including those incidents identified above, but repeatedly refused or failed to take appropriate corrective action, including discipline, re-training, and/or implementation of changes to policies or procedures.

49.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES expressly and impliedly condoned their personnel's excessive and unreasonable uses-of-force, including by turning-a-blind-eye to the abuses, ignoring or refusing to investigate complaints of personnel's misconduct, acquiescing in and implicitly condoning the misconduct by perpetuating a culture of impunity, failing meaningfully to discipline, re-train, or otherwise penalize personnel's misconduct, failing to hold personnel accountable for violations of law or policies, and creating or fostering an environment where subordinates believed they could act with impunity and "get away with anything."

50.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES's policies and customs, including the insufficient training, supervision, or control of their personnel, was a moving force behind and contributed to the use of unreasonable and excessive force against Plaintiff MANUEL BENCOMO.

## FIRST CLAIM

### Unreasonable Search / Entry

### (U.S. Const. Amend. IV; 42 U.S.C. § 1983)

51.     Plaintiff MANUEL BENCOMO asserts this Claim against Defendants DOE 1 to 10.

52.     The allegations of the preceding paragraphs 1 to 38 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

53.     Defendants DOE 1 to 10 conducted an unlawful search, including by entering Plaintiff MANUEL BENCOMO's residence and bedroom, without a warrant, probable cause, or reasonable suspicion, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to

19

the U.S. Constitution.

54.     Defendants DOE 1 to 10's actions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

55.     Plaintiff MANUEL BENCOMO was injured as a direct and proximate result of Defendants DOE 1 to 10's actions and inactions entitling him to receive compensatory and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff MANUEL BENCOMO prays for relief as hereunder appears.

## SECOND CLAIM

### False Arrest

### (U.S. Const. Amend. IV; 42 U.S.C. § 1983)

56.     Plaintiff MANUEL BENCOMO asserts this Claim against Defendants DOE 1 to 10.

57.     The allegations of the preceding paragraphs 1 to 38 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

58.     Defendants DOE 1 to 10 conducted a false arrest, including by arresting Plaintiff MANUEL BENCOMO, without a warrant, probable cause, or reasonable suspicion, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

59.     Defendants DOE 1 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

60.     Plaintiff MANUEL BENCOMO was injured as a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, entitling him to receive compensatory and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff MANUEL BENCOMO prays for relief as hereunder appears.

## THIRD CLAIM

### Excessive Force

### (U.S. Const. Amend. IV; 42 U.S.C. § 1983)

61.     Plaintiff MANUEL BENCOMO asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10.

62.     The allegations of the preceding paragraphs 1 to 50 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

63.     Defendants DOE 1 to 10 used unreasonable and excessive force against Plaintiff MANUEL BENCOMO, including by deploying a canine, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

64.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES maintained policies or customs of action and inaction, including those which resulted in harm to Plaintiff MANUEL BENCOMO, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

65.     Defendants SCOTT JONES and DOE 1 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

66.     Plaintiff MANUEL BENCOMO was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10; and punitive damages against Defendants SCOTT JONES and DOE 1 to 10.

WHEREFORE, Plaintiff MANUEL BENCOMO prays for relief as hereunder appears.

## FOURTH CLAIM

### Unreasonable Search / Entry

### (Cal. Const. Art. I § 13)

67.     Plaintiff MANUEL BENCOMO asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 10.

68.     The allegations of the preceding paragraphs 1 to 38 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

69.     Defendants DOE 1 to 10 conducted an unlawful search, including by entering Plaintiff MANUEL BENCOMO's residence and bedroom, without a warrant, probable cause, or reasonable

21

1  suspicion, in violation of Article I, Section 13 of the California Constitution.

2      70.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

3  DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to

4  California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions

5  of employees acting within the scope of employment, including Defendants DOE 1 to 10.

6      71.    Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or

7  malice resulting in great harm.

8      72.    Plaintiff MANUEL BENCOMO was injured as a direct and proximate result of

9  Defendants DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against

10  Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,

11  and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

12      WHEREFORE, Plaintiff MANUEL BENCOMO prays for relief as hereunder appears.

13  <u>**FIFTH CLAIM**</u>

14  **False Arrest**

15  **(Cal. Const. Art. I § 13)**

16      73.    Plaintiff MANUEL BENCOMO asserts this Claim against Defendants COUNTY OF

17  SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 10.

18      74.    The allegations of the preceding paragraphs 1 to 38 are realleged and incorporated, to the

19  extent relevant and as if fully set forth in this Claim.

20      75.    Defendants DOE 1 to 10 conducted a false arrest, including by arresting Plaintiff

21  MANUEL BENCOMO, without a warrant, probable cause, or reasonable suspicion, in violation of

22  Article I, Section 13 of the California Constitution.

23      76.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

24  DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to

25  California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions

26  of employees acting within the scope of employment, including Defendants DOE 1 to 10.

27      77.    Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or

28  malice resulting in great harm.

22

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Bencomo v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

78.     Plaintiff MANUEL BENCOMO was injured as a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff MANUEL BENCOMO prays for relief as hereunder appears.

## SIXTH CLAIM

### Excessive Force

### (Cal. Const. Art. I § 13)

79.     Plaintiff MANUEL BENCOMO asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10.

80.     The allegations of the preceding paragraphs 1 to 50 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

81.     Defendants DOE 1 to 10 used unreasonable and excessive force against Plaintiff MANUEL BENCOMO, including by deploying a canine, in violation of Article I, Section 13 of the California Constitution.

82.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES maintained policies or customs of action and inaction, including those which resulted in harm to Plaintiff MANUEL BENCOMO, in violation of Article I, Section 13 of the California Constitution.

83.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants SCOTT JONES and DOE 1 to 10.

84.     Defendants SCOTT JONES and DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

85.     Plaintiff MANUEL BENCOMO was injured as a direct and proximate result of

23

1  Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,

2  SCOTT JONES, DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages

3  against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

4  DEPARTMENT, SCOTT JONES, and DOE 1 to 10; and punitive damages against Defendants SCOTT

5  JONES and DOE 1 to 10.

6          WHEREFORE, Plaintiff MANUEL BENCOMO prays for relief as hereunder appears.

7                                    **SEVENTH CLAIM**

8                                 **Liability for Dog Bite**

9                                **(Cal. Civ. Code § 3342)**

10         86.    Plaintiff MANUEL BENCOMO asserts this Claim against Defendants COUNTY OF

11  SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 10.

12         87.    The allegations of the preceding paragraphs 1 to 38 are realleged and incorporated, to the

13  extent relevant and as if fully set forth in this Claim.

14         88.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

15  DEPARTMENT, and DOE 1 to 10 are liable as owners of the canine that bit Plaintiff MANUEL

16  BENCOMO, while lawfully in a private place, in violation of California Civil Code section 3342.

17         89.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

18  DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to

19  California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions

20  of employees acting within the scope of employment, including Defendants DOE 1 to 10.

21         90.    Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or

22  malice resulting in great harm.

23         91.    Plaintiff MANUEL BENCOMO was injured as a direct and proximate result of

24  Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,

25  and DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against

26  Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,

27  and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

28         WHEREFORE, Plaintiff MANUEL BENCOMO prays for relief as hereunder appears.

## EIGHTH CLAIM

### Tom Bane Civil Rights Act

### (Cal. Civ. Code § 52.1)

92.     Plaintiff MANUEL BENCOMO asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10.

93.     The allegations of the preceding paragraphs 1 to 50 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

Unreasonable Search

94.     Defendants DOE 1 to 10 conducted an unlawful search, including by entering Plaintiff MANUEL BENCOMO's residence and bedroom, without a warrant, probable cause, or reasonable suspicion, in violation of the Fourth Amendment to the U.S. Constitution and Article I, Section 13 of the California Constitution.

False Arrest

95.     Defendants DOE 1 to 10 conducted a false arrest, including by arresting Plaintiff MANUEL BENCOMO, without a warrant, probable cause, or reasonable suspicion, in violation of the Fourth Amendment to the U.S. Constitution and Article I, Section 13 of the California Constitution.

Excessive Force

96.     Defendants DOE 1 to 10 used unreasonable and excessive force against Plaintiff MANUEL BENCOMO, including by deploying a canine, with deliberate indifference to the violation of the Fourth Amendment to the U.S. Constitution and Article I, Section 13 of the California Constitution.

97.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES maintained policies or customs of action and inaction, including those which resulted in harm to Plaintiff MANUEL BENCOMO, with deliberate indifference to the violation of the Fourth Amendment to the U.S. Constitution and Article I, Section 13 of the California Constitution.

Liability for Dog Bite

98.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

25

DEPARTMENT, and DOE 1 to 10 are liable as owners of the canine that bit Plaintiff MANUEL BENCOMO, while lawfully in a private place, with deliberate indifference to the violation of California Civil Code section 3342.

Common Allegations

99.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants SCOTT JONES and DOE 1 to 10.

100.     Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

101.     Plaintiff MANUEL BENCOMO was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10's actions and inactions, entitling him to receive compensatory and treble damages and civil penalties against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10; and punitive damages against Defendants SCOTT JONES and DOE 1 to 10.

WHEREFORE, Plaintiff MANUEL BENCOMO prays for relief as hereunder appears.

**NINTH CLAIM**

**False Arrest / Imprisonment**

102.     Plaintiff MANUEL BENCOMO asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 10.

103.     The allegations of the preceding paragraphs 1 to 38 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

104.     Defendants DOE 1 to 10 conducted a false arrest, including by arresting Plaintiff MANUEL BENCOMO, without a warrant, probable cause, or reasonable suspicion.

105.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to

26

1   California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions

2   of employees acting within the scope of employment, including Defendants DOE 1 to 10.

3       106.   Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or

4   malice resulting in great harm.

5       107.   Plaintiff MANUEL BENCOMO was injured as a direct and proximate result of

6   Defendants DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against

7   Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,

8   and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

9       WHEREFORE, Plaintiff MANUEL BENCOMO prays for relief as hereunder appears.

10                              **TENTH CLAIM**

11                              **Assault / Battery**

12      108.   Plaintiff MANUEL BENCOMO asserts this Claim against Defendants COUNTY OF

13   SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 10.

14      109.   The allegations of the preceding paragraphs 1 to 38 are realleged and incorporated, to the

15   extent relevant and as if fully set forth in this Claim.

16      110.   Defendants DOE 1 to 10 used unreasonable and excessive force against Plaintiff

17   MANUEL BENCOMO, including by deploying a canine.

18      111.   Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

19   DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to

20   California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions

21   of employees acting within the scope of employment, including Defendants DOE 1 to 10.

22      112.   Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or

23   malice resulting in great harm.

24      113.   Plaintiff MANUEL BENCOMO was injured as a direct and proximate result of

25   Defendants DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against

26   Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,

27   and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10

28      WHEREFORE, Plaintiff MANUEL BENCOMO prays for relief as hereunder appears.

27

**ELEVENTH CLAIM**

**Intentional Infliction of Emotional Distress**

114.    Plaintiff MANUEL BENCOMO asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 10.

115.    The allegations of the preceding paragraphs 1 to 38 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

116.    Defendants DOE 1 to 10 engaged in outrageous conduct, with intent or reckless disregard of the probability that Plaintiff MANUEL BENCOMO would suffer emotional distress and he did suffer severe emotional distress, including, among other actions, unreasonable search / entry; false arrest / imprisonment; unreasonable and excessive force; and violating California Civil Code section 3342.

117.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1 to 10.

118.    Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

119.    Plaintiff MANUEL BENCOMO was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 10's actions and inactions, entitling him to receive compensatory and treble damages and civil penalties against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff MANUEL BENCOMO prays for relief as hereunder appears.

**TWELFTH CLAIM**

**Negligence**

120.    Plaintiff MANUEL BENCOMO asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10.

121.    The allegations of the preceding paragraphs 1 to 50 are realleged and incorporated, to the

28

extent relevant and as if fully set forth in this Claim.

122.     Defendants DOE 1 to 10 owed Plaintiff MANUEL BENCOMO a duty of care and breached the duty, including, among other actions, unreasonable search / entry; false arrest / imprisonment; unreasonable and excessive force; and violating California Civil Code section 3342.

123.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, owed Plaintiff MANUEL BENCOMO a duty of care and breached the duty, including violating California Civil Code section 3342.

124.     Defendant SCOTT JONES had a special relationship with Defendants DOE 1 to 10, and owed Plaintiff MANUEL BENCOMO a duty of care and breached the duty including, among other actions, by maintaining policies or customs of action and inaction which resulted in harm to Plaintiff MANUEL BENCOMO.

125.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants SCOTT JONES and DOE 1 to 10.

126.     Defendants SCOTT JONES and DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

127.     Plaintiff MANUEL BENCOMO was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES and DOE 1 to 10; and punitive damages against Defendants SCOTT JONES and DOE 1 to 10.

WHEREFORE, Plaintiff MANUEL BENCOMO prays for relief as hereunder appears.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MANUEL BENCOMO seeks Judgment as follows:

1.     For an award of compensatory, general, special, and nominal damages (including under

29

federal and state law) against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10, in excess of $1,000,000, according to proof at trial;

2.     For an award of exemplary/punitive damages against Defendants SCOTT JONES and DOE 1 to 10, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally and statutorily protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3.     For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 10, pursuant to California Civil Code sections 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, pursuant to California Civil Code section 818);

4.     For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988; California Civil Code section 52.1; California Code of Civil Procedure section 1021.5; and any other statute or law, as may be applicable;

5.     For interest; and

6.     For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: March 9, 2023                                      Respectfully Submitted,

By: _____
                                                         Mark E. Merin
                                                         Paul H. Masuhara
                                                         LAW OFFICE OF MARK E. MERIN
                                                         1010 F Street, Suite 300
                                                         Sacramento, California 95814
                                                         Telephone: (916) 443-6911
                                                         Facsimile: (916) 447-8336

                                                         Attorneys for Plaintiff
                                                         MANUEL BENCOMO

30

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiff MANUEL BENCOMO.

Dated: March 9, 2023                              Respectfully Submitted,

By: _____

      Mark E. Merin
      Paul H. Masuhara
      LAW OFFICE OF MARK E. MERIN
      1010 F Street, Suite 300
      Sacramento, California 95814
      Telephone: (916) 443-6911
      Facsimile: (916) 447-8336

      Attorneys for Plaintiff
      MANUEL BENCOMO

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Bencomo v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____