UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL BENCOMO,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:23-cv-00440-DAD-JDP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND DENYING DEFENDANTS' MOTION TO DISMISS/STRIKE AS MOOT<br><br>(Doc. Nos. 9, 22) |

This matter is before the court on defendants' motion to dismiss/strike plaintiff's complaint brought pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), (Doc. No. 9), as well as plaintiff's motion for leave to file a first amended complaint ("FAC") brought pursuant to Federal Rule of Civil Procedure 15(a)(2), (Doc. No. 22). Defendants' motion to dismiss/strike and plaintiff's motion for leave to amend were taken under submission without oral argument pursuant to Local Rule 230(g) on June 2, 2023 and January 8, 2024, respectively. (Doc. Nos. 12, 23.) For the reasons explained below, plaintiff's motion for leave to file a FAC will be granted and defendants' motion to dismiss/strike will be denied as moot.

**BACKGROUND**

On March 9, 2023, plaintiff Manuel Bencomo filed a complaint initiating this civil rights action against defendants County of Sacramento, Sacramento County Sheriff's Department, and

1

1  Scott Jones.  (Doc. No. 1.)  This case arises from the alleged use of excessive force against
2  plaintiff caused by a police canine utilized by sheriff's deputies on January 8, 2023.  (*Id.*)  On
3  May 8, 2023, defendants filed the pending motion to dismiss/strike.  (Doc. No. 9.)  On May 16,
4  2023, plaintiff filed an opposition to that motion, and defendants filed a reply thereto on May 25,
5  2023.  (Doc. Nos. 10, 11.)
6        On December 11, 2023, Magistrate Judge Jeremy D. Peterson issued the pretrial
7  scheduling order governing this case and setting forth the following deadlines:  a deadline to file
8  any motion for leave to amend or add or join additional parties of December 27, 2023; the close
9  of fact discovery by December 6, 2024; the close of expert discovery by April 7, 2025; and a last
10 day for filing of dispositive motions deadline of May 22, 2025.  (Doc. No. 20. at 2–4.)
11       Plaintiff filed the pending motion for leave to amend on December 27, 2023.  (Doc. No.
12 22.)  On January 10, 2024, defendants filed an opposition to plaintiff's motion for leave to amend,
13 and on January 19, 2024, plaintiff filed a reply thereto.  (Doc. Nos. 24, 25.)
14       **LEGAL STANDARD**
15       Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings when
16 the deadline for amendments in the pretrial scheduling order had yet to pass at the time the
17 motion for leave to amend was filed, as is the case here.  *Cf. Coleman v. Quaker Oats Co.*, 232
18 F.3d 1271, 1294 (9th Cir. 2000) ("Generally, Federal Rule of Civil Procedure 15(a) liberally
19 allows for amendments to pleadings.  In this case, however, the district court correctly found that
20 it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial
21 scheduling order that established a timetable for amending the pleadings, and the deadline had
22 expired before [the plaintiffs] moved to amend.").  Rule 15 provides that a complaint may be
23 amended once as a matter of course within 21 days after serving it or 21 days after service of a
24 responsive pleading.  Fed. R. Civ. P. 15(a)(1).  Rule 15 further provides that "[i]n all other cases,
25 a party may amend its pleading only with the opposing party's written consent or the court's
26 leave.  The Court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).
27 Generally, courts apply Rule 15(a) with "extreme liberality."  *Eminence Cap., LLC v. Aspeon,*
28 *Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *see also DCD Programs Ltd. v. Leighton*, 833 F.2d

2

183, 186 (9th Cir. 1987) ("[R]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.") (citations and quotations omitted).

In determining whether to grant leave to amend, courts consider several factors identified by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962). These factors, known as the *Foman* factors, include (1) bad faith on the part of the movant; (2) undue delay or dilatory motive on the part of the movant; (3) repeated failure on the part of the movant to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; and (5) futility of the amendment. *Eminence Cap.*, 316 F.3d at 1052; *see also Griggs v. Pace. Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) ("Generally, this determination should be performed with all inferences in favor of granting the motion.").

"Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap.*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

**ANALYSIS**

Plaintiff seeks leave to amend his complaint to redesignate a previously unknown "Doe" defendant as Deputy Mathew Moreno. (*See* Doc. Nos. 22-1 at 2; 22-2 at 4.) In addition, plaintiff seeks leave to amend to add allegations relating to municipal and supervisory liability, including incidents of misconduct by other Sacramento County Sheriff's Department officers where inadequate discipline was imposed. (Doc. No. 22-1 at 2; *see generally,* Doc. No. 22-2 at 4–41.) Defendants do not oppose plaintiff adding Deputy Moreno as a party to this action. (Doc. No. 24 at 5 n.1.) However, defendants otherwise oppose the granting of leave to file a FAC based on two *Foman* factors:   (1) futility of the amendment, and (2) undue prejudice to the opposing party. (Doc. No. 24 at 13–20.) The court will analyze each factor in turn.

1. <u>Futility</u>

Defendants argue that amendment would be futile because "plaintiff's allegations contained in paragraph 87, including subparagraphs, fail to state a cognizable underlying constitutional injury." (Doc. No. 24 at 14–15.) In paragraph 87 of the proposed FAC, plaintiff

3

1  alleges that defendants County of Sacramento, the Sacramento County Sheriff's Department,
2  and/or Scott Jones "only impose minimal, insignificant, and untimely discipline against
3  subordinates even when misconduct was documented and acknowledged, and only issue
4  discipline when misconduct is documented on recordings." (Doc. No. 22-2 at 22.) The
5  subparagraphs allege various incidents of officer misconduct occurring from 2013 to 2023 as well
6  as the alleged discipline imposed. (*See id.* at 22–30.) Defendants contend that the allegations in
7  paragraph 87 are immaterial to plaintiff's claims because they do not "involve the deployment of
8  a canine," (*id.* at 15); "do[] not allege that Deputy Moreno, whom plaintiff seeks to name in this
9  lawsuit, is aware of the other events and instances . . . identified," (*id.*); "pertain[] to officers
10 uninvolved in the event concerning Plaintiff," (*id.* at 16); do not "bear[] sufficient resemblance to
11 the fact pattern at issue here," (*id.* at 17); and are only "sporadic events," not "widespread and
12 permanent," (*id.* at 19).

13  "[A]n amendment is 'futile' only if it would clearly be subject to dismissal." *SAES*
14 *Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (citing *DCD*
15 *Programs*, 83 F.2d at 188). Although "courts will determine the legal sufficiency of a proposed
16 amendment using the same standard as applied on a Rule 12(b)(6) motion, such issues are often
17 more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave
18 to amend." *Id.* (internal citation omitted); *see also LifeVoxel Va. SPV, LLC v. LifeVoxel.AI, Inc.*,
19 No. 22-cv-01917-GPC, 2023 WL 3729397, at *4 (S.D. Cal. May 30, 2023) ("Courts generally do
20 not consider the validity of a proposed amended pleading in deciding whether to grant leave to
21 amend, instead deferring consideration of challenges to the merits after leave to amend is granted
22 and the amended pleadings are filed."); *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal.
23 2010) ("[D]enial [of a motion to amend] on this ground is rare and courts generally defer
24 consideration of challenges to the merits of a proposed amended pleading until after leave to
25 amend is granted and the amended pleading is filed.").

26  Here, as plaintiff notes in his reply (Doc. No. 25 at 8), general evidence of departmental
27 treatment of complaints can "support[ ] the [plaintiff's] theory that . . . disciplinary and complaint
28 processes . . . contributed to the police excesses complained of because the procedures made clear

1   to officers that . . . they could get away with anything," *Larez v. City of Los Angeles*, 946 F.2d
2   630, 647 (9th Cir. 1991).
3         The court concludes that plaintiff's allegations in paragraph 87 and its subparagraphs of
4   the proposed FAC are not "clearly . . . subject to dismissal." *SAES*, 219 F. Supp. 2d at 1086.
5   Furthermore, defendants' arguments regarding the sufficiency of the proposed FAC, even if
6   ultimately meritorious, would be better addressed in a motion to dismiss the FAC. *See id.*
7   Accordingly, consideration of this factor weighs in favor of granting plaintiff's motion for leave
8   to amend.
9         2.      <u>Undue Prejudice</u>
10         Of the *Foman* factors, undue prejudice is the "touchstone of the inquiry" and "carries the
11   greatest weight." *Eminence Cap.*, 316 F.3d at 1052. "The party opposing amendment bears the
12   burden of showing prejudice." *DCD Programs*, 833 F.2d at 187.
13         Defendants contend that the allegations in paragraph 87, along with its subparagraphs, "do
14   not involve facts bearing sufficient resemblance to the fact pattern at issue here to be pertinent,
15   nor show an essential or important relationship between the two bearing on the subject matter of
16   the litigation" and that granting plaintiff leave to amend to include these allegations would cause
17   significant prejudice to defendants by creating "burdensome and unnecessary discovery" which
18   could "possibly lead to eventual mini trials about the merits of those events and the discipline
19   imposed." (Doc. No. 24 at 19.)  This argument is unavailing.  Again, defendants can address
20   these concerns through a future motion to dismiss plaintiff's FAC. *See Baker v. Trans Union*
21   *LLC*, No. 07-cv-08032-PCT-JAT, 2008 WL 2329099, at *3 (D. Ariz. June 4, 2008) (rejecting the
22   defendant's argument that granting leave to amend the complaint would cause prejudice by
23   expanding the scope of discovery, noting "granting leave to amend does not preclude Defendant
24   from filing a 12(b)(6) Motion to Dismiss").  Furthermore, defendants have not adequately
25   demonstrated that the scope of discovery will be expanded to an extent that unduly burdens them
26   or prevents them from completing fact discovery by the December 6, 2024 deadline established
27   by the scheduling order in this case. *See id.* ("Defendant has not shown that the scope of
28   /////

1  discovery will be so expanded as to be unduly onerous to Defendant, nor that Defendant can not

2  [sic] complete discovery by the October 24, 2008 deadline.").

3        The court acknowledges that allowing plaintiff to amend his complaint would moot

4  defendants' pending motion to dismiss/strike.  However, "That an amended complaint would

5  essentially moot Defendants' pending Motion to Dismiss and Motion to Strike simply does not

6  constitute undue prejudice." *Cuevas v. City of Campbell*, No. 5:12-cv-03087-EJD, 2012 WL

7  5077153, at *1 (N.D. Cal. Oct. 18, 2012) (rejecting the defendant's argument that "a grant of

8  leave to amend would unduly prejudice them by denying them a ruling on their Motion to

9  Dismiss/Strike regarding the original complaint") (internal quotation marks omitted).

10       Furthermore, defendants argue that certain allegations in subparagraphs 87(o), (p), and (t)

11 of the proposed FAC are improper because "[t]he information is derived from confidential

12 discipline records produced pursuant to a Protective Order in the pending [*Estate of Sherrano*

13 *Stingley v. County of Sacramento*, 2:23-cv-00255-TLN-AC (E.D. Cal.) ("*Estate of Stingley*")]

14 matter, as well as subject to a pending motion in the same case for an Order deeming the

15 discipline records covered under the Protective Order, or in the alternative, motion to amend the

16 Protective Order." (Doc. No. 24 at 20.)  Defendants argue that the proposed allegations, by being

17 made public, violate the parties' protective order in *Estate of Stingley*.  (*Id.*)  However, defendants

18 have not adequately substantiated or clarified which portions of subparagraphs 87(o), (p), and (t)

19 of the proposed FAC are derived from documents produced in *Estate of Stingley* that are subject

20 to the protective order in that action.[1]  *See Perfect 10, Inc. v. Yandex N.V.*, No. 12-cv-01521-

---

[1] In his reply in support of the pending motion for leave to amend, plaintiff argues that the disciplinary records forming the basis for allegations in subparagraphs 87(o), (p), and (t) of the proposed FAC were provided by the defendants in *Estate of Stingley* with the Bates numbers DEF 01805–DEF 02762 and DEF 03568–DEF 05433.  (Doc. No. 25 at 4).  When plaintiff filed the pending motion for leave to amend, the protective order in *Estate of Stingley* covered only documents bearing the Bates numbers DEF 01667–DEF 01748, DEF 01749–DEF 01792, and DEF 01577–DEF 01666.  *Estate of Stingley*, Protective Order, Doc. No. 19 (E.D. Cal. Aug. 17, 2023) (approving the parties' stipulated protective order filed as Doc. No. 18).  The stipulated protective order that the court approved stated that "[t]he Confidential documents shall be used solely in connection with the above-captioned civil case, and in the preparation and trial of the case." *Estate of Stingley*, Stipulation and Proposed Protective Order, Doc. No. 18 at 4 (E.D. Cal. Aug. 14, 2023).  On January 17, 2024, the magistrate judge in *Estate of Stingley* modified the protective order to include documents bearing the Bates numbers DEF 01805–02510.  *Estate of*

WHA, 2012 WL 4857806, at *2 (N.D. Cal. Oct. 11, 2012) (granting leave to amend despite the defendant's argument that the proposed allegations relied upon facts obtained from discovery in violation of protective order because the defendant "failed to identify which proposed allegations are made in violation of the stipulated protective order").

Because the burden is on defendants to demonstrate prejudice, and defendants have not done so, consideration of this factor also weighs in favor of granting plaintiff's motion for leave to amend.

### 3. Remaining *Foman* Factors

Defendants do not argue in their opposition that plaintiff has acted in bad faith, with undue delay, or failed to address prior deficiencies. Absent a showing of any *Foman* factors, "the leave sought should . . . be 'freely given.'" *Eminence Cap.*, 316 F.3d at 1052 (citations omitted). Moreover, the court finds that permitting plaintiff's proposed amendments promotes judicial economy by avoiding a potentially unnecessary decision on a motion to dismiss. Accordingly, the court will grant plaintiff's motion for leave to file a FAC, and because the FAC will supersede the complaint, the court will deny as moot defendants' motion to dismiss/strike. *See De Souza v. Dawson Tech., Inc.*, No. 21-cv-01103-JLS-MSB, 2022 WL 3006045, at *4 (S.D. Cal. July 28, 2022).

## CONCLUSION

1. Plaintiff's motion for leave to file a first amended complaint (Doc. No. 22) is granted;

/////

---

*Stingley*, Order, Doc. No. 42 at 4 (E.D. Cal. Jan. 17, 2024). The plaintiff in that case filed a motion for reconsideration of that order on January 26, 2024, which is still pending. *Estate of Stingley*, Motion, Doc. No. 43 (E.D. Cal. Jan. 26, 2024). In this case, although plaintiff acknowledges that the disciplinary records underlying plaintiff's proposed allegations were produced in *Estate of Stingley* as DEF 01805–DEF 02762 and DEF 03568–DEF 05433 (Doc. No. 25 at 4), it remains unclear which parts of subparagraphs 87(o), (p), and (t) of the proposed FAC are derived from documents bearing the Bates number DEF 01805–02510, which the protective order in *Estate of Stingley* as amended now covers. The court's granting of leave to amend does not prevent defendants from moving to strike these allegations. However, the court expects the parties to meet and confer in good faith to address the potential confidentiality issues posed by plaintiff's proposed allegations and to avoid unnecessary motion practice in this case.

2. Within seven (7) days from the date of entry of this order, plaintiff shall file the first amended complaint as a separate docket entry; and

3. Defendants' motion to dismiss/strike (Doc. No. 9) is denied as moot.

IT IS SO ORDERED.

Dated:  **January 31, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE