UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL BENCOMO,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>  Defendants. | No. 2:23-cv-00440-DAD-JDP<br><br>ORDER GRANTING IN PART DEFENDANTS' REQUEST TO SEAL<br><br>(Doc. No. 42) |

This matter is before the court on defendants' notice of request to seal certain documents that have already been publicly filed on the docket in this action. (Doc. No. 42.) For the reasons set forth below, defendants' request to seal will be granted in part.

**BACKGROUND**

This case arises from an incident on January 8, 2023, involving the alleged excessive use of force against plaintiff Manuel Bencomo by a police canine deployed by a law enforcement officer. (Doc. No. 27.) On February 8, 2024, plaintiff filed his operative first amended complaint ("FAC"). (*Id.*) In his FAC, plaintiff alleges that certain defendants have a policy and custom of failing to discipline their subordinates. (*Id.* at ¶ 92.) In support of this allegation, plaintiff alleges various examples of incidents where subordinates received "minimal, insignificant and untimely discipline" for their misconduct. (*Id.*) Relevant here, three alleged incidents involve two non-party deputies who were disciplined for improperly accessing files for personal reasons (*id.*

1

¶¶ 92(t), 92(p)); sending inappropriate emails from a work-related email address (*id.* ¶ 92(p)); and stalking (*id.* ¶ 92(o)).

On May 3, 2024, defendants filed a notice of request to seal, seeking to seal or redact those specific subparagraphs of the FAC, arguing that they are "improper because they are derived from confidential documents subject to a Protective Order." (Doc. No. 42 at 2.) Defendants also request to seal or redact the references made to these paragraphs contained in the parties' respective briefing on plaintiff's motion for leave to file a first amended complaint (Doc. No. 22, 24). (*Id.*)[1] Consistent with Local Rule 141(b), defendants filed the request to seal *in camera*. In their request to seal, defendants argue that the relevant subparagraphs of plaintiff's FAC "pertain to highly confidential, immaterial, scurrilous, and inflammatory matters that do not involve facts bearing sufficient resemblance to the fact pattern at issue here to be pertinent, nor show an essential or important relationship between the two bearing on the subject matter of the litigation." (Req. at 10.) Pursuant to Local Rule 141(c), plaintiff timely submitted an opposition to defendants' request, also *in camera*. (Opp'n.)

On May 6, 2024, defendants filed a notice of supplemental authority, pointing the court to a decision in a similar case in the Eastern District of California, which addressed a request to seal or redact identical allegations to those at issue here. (Doc. No. 43) (citing *Liles v. Cnty. of Sacramento*, No. 2:24-cv-00416-KJM-CKD, 2024 WL 1971882 (E.D. Cal. May 3, 2024)). In the *Liles* decision, the district court granted the defendants' request to seal in part, finding no compelling reasons to seal or redact the at-issue subparagraphs of the complaint in their entirety but finding compelling reasons to redact the names of the third-party deputies in those subparagraphs. *See Liles*, 2024 WL 1971882, at *2–3.

/////

/////

---

[1] In their pending request, defendants also seek to seal or redact "any other documents filed with the Court containing any of the information at subparagraphs 92(o), (p), and (t) of [p]laintiff's First Amended Complaint[.]" (Req. at 2.) Although defendants' request to seal did not explicitly mention their motion to dismiss (Doc. No. 29) as one of the documents to be sealed or redacted, because the motion to dismiss also references the subparagraphs, the court will consider it as part of defendants' request.

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010). The standards used are based on the type of motion to which the documents to be sealed are attached:

> [W]e treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135, 1136 (9th Cir. 2003)). The reason for these two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (citations and internal quotation marks omitted).

**ANALYSIS**

The parties dispute which standard applies to defendants' request to seal and whether defendants' request to seal meets the applicable standard. Plaintiff argues that the "compelling reasons" standard applies and asserts that no compelling reasons exist to seal the relevant portions of the FAC. (Opp'n at 12–25.) In contrast, defendants contend that the "good cause" standard is appropriate but argue that even under the "compelling reasons" standard, the subparagraphs

/////

3

1   92(o), (p), and (t) of plaintiff's FAC should be sealed or redacted because they contain
2   confidential information which serve no other purpose but to humiliate the non-party deputies.
3   (Req. at 9–11.)

4        The court agrees with plaintiff that the "compelling reasons" standard applies here since
5   defendants seek to seal a portion of the FAC, the operative pleading in this case. *See Liles*, 2024
6   WL 1971882, at *1 ("[A] request to seal all or part of a complaint must clearly meet the
7   'compelling reasons' standard.") (citation omitted); *see also Williams & Cochrane, LLP v.*
8   *Quechan Tribe of Fort Yuma Indian Rsrv.*, No. 3:17-cv-1436-GPC-MDD, 2017 WL 3600417, at
9   *2 (S.D. Cal. Aug. 17, 2017) ("[D]istrict courts generally conclude that the 'compelling reasons'
10  standard applies because the complaint initiates the civil action.") (collecting cases); *PUMA SE v.*
11  *Brooks Sports, Inc.*, No. 2:23-cv-00116-LK, 2024 WL 1557660, at *2 (W.D. Wash. Apr. 10,
12  2024) ("Although the Ninth Circuit has not specified whether a party seeking to seal its operative
13  pleading must meet the 'good cause' or 'compelling reasons' standard, numerous courts within
14  the Circuit have held that the compelling reasons standard applies because a complaint is the
15  foundation of a lawsuit.") (collecting cases).

16       Having reviewed the order issued by Chief Judge Mueller in *Liles*, the court concurs with
17  the analysis set forth therein and adopts that analysis by reference in this order. Like in *Liles*,
18  here, the court does not find compelling reasons to redact the pertinent subparagraphs of
19  plaintiff's FAC entirely but does find compelling reasons to redact the names of the non-party
20  deputies in those subparagraphs. Since plaintiff's alleged injuries stem from excessive force by a
21  police canine deployed by a law enforcement officer, the incidents involving the non-party
22  deputes in subparagraphs 92(o), (p), and (t) of the FAC are unrelated to the core issues of this
23  case. Therefore, identifying the deputies by name in those subparagraphs serves improper
24  purposes. *See Liles*, 2024 WL 1971882, at *2 ("Given the absence of a connection with the
25  factual allegations in this case and the third-party deputies' non-involvement in this or related
26  matters, the court finds identifying these deputies by name at this point serves improper purposes,
27  including the potential promotion of public scandal.").
28  /////

1     Accordingly, the court will grant defendants' request to the extent that it seeks to redact
2 the names of the non-party deputies in subparagraphs 92(o), (p), and (t) of the FAC, and seeks to
3 redact the references to those names made in the parties' briefing on plaintiff's motion for leave
4 to file an amended complaint (Doc. No. 22, 24), and defendants' pending motion to dismiss (Doc.
5 No. 29).

## CONCLUSION

For the reasons explained above,

1. Defendants' request to seal (Doc. No. 42) is granted in part, as follows:

   a. The unredacted version of plaintiff's motion for leave to file an amended complaint (Doc. No. 22) is hereby sealed;

   b. The unredacted version of defendants' opposition to plaintiff's motion for leave to file an amended complaint (Doc. No. 24) is hereby sealed;

   c. The unredacted version of plaintiff's first amended complaint (Doc. No. 27) is hereby sealed; and

   d. The unredacted version of defendants' pending motion to dismiss (Doc. No. 29) is hereby sealed;

   e. Within seven (7) days from the date of entry of this order:

      i. Plaintiff shall file a redacted version of his motion for leave to file an amended complaint and a redacted version of his first amended complaint, redacting the names of the two non-party deputies referenced in subparagraphs 92(o), (p), and (t); and

      ii. Defendants shall file a redacted version of their opposition to plaintiff's motion for leave to file an amended complaint and a redacted version of their pending motion to dismiss, redacting the names of the two non-party deputies referenced in subparagraphs 92(o), (p), and (t) of the first amended complaint; and

   f. Defendants' request to seal is otherwise denied;

/////

2. The Clerk of Court is directed to update the docket to reflect that the following documents have been sealed:

    i. Plaintiff's motion for leave to file an amended complaint (Doc. No. 22);

    ii. Defendants' opposition to plaintiff's motion for leave to file an amended complaint (Doc. No. 24);

    iii. Plaintiff's first amended complaint (Doc. No. 27); and

    iv. Defendants' pending motion to dismiss (Doc. No. 29).

IT IS SO ORDERED.

Dated: **May 16, 2024**

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE